**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ONIEL BROWN, 96-A-2837,**

      **Plaintiff,**

   **-v-**                 **04-CV-0728Sr**

**S. KERBEIN, Sergeant, et al.,**

      **Defendants.**

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #18.

## PROCEDURAL BACKGROUND

By Notice of Motion dated September 29, 2008, defendant Whedon moved for summary judgment. Dkt. #70. Defendant Whedon advised plaintiff of his obligation to oppose the motion, as required by *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001). Dkt. #70.

The Court directed plaintiff to respond to the motion for summary judgment no later than October 24, 2008. Dkt. #74. When no response was received from plaintiff, the Court directed the plaintiff to either respond to the motion for summary

judgment or show cause why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Dkt. #75.

Plaintiff responded to the Order to Show Cause by letter advising that he did not respond to the motion for partial summary judgment because he did not oppose it. Dkt. #76.

**BACKGROUND**

Plaintiff Brown, an inmate at Southport Correctional Facility ("Southport"), commenced this action *pro se* seeking monetary damages pursuant to 42 U.S.C. § 1983, alleging that he was assaulted by corrections officers on November 26, 2001 during a transport from the Chemung County Courthouse to Southport. Dkt. #1. Plaintiff also alleged that defendant Terry Whedon, a nurse at Southport, "denied plaintiff the minimal medical care and treatment by failing to administer treatment to injuries and for not listing all of plaintiff's injuries from the malicious[] assault plaintiff suffered." Dkt. #1, ¶ 33.

During the course of his deposition, plaintiff testified that a female nurse whose name he could not recall came to his cell following the incident and a male nurse cleaned the blood off his body before he was taken to the hospital in Southport. Dkt. #71, p.4. Plaintiff testified that he knew defendant Terry Whedon and that she did not examine him or provide any medical care to him following the incident at issue in this action even though her name was on his medical records. Dkt. #71, pp.5-6.

## DISCUSSION AND ANALYSIS

**Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party

seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

**Deliberate Indifference to Serious Medical Needs**

In *Estelle v. Gamble*, the United States Supreme Court determined that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment" to the United States Constitution. 429 U.S. 97, 104 (1976). To establish an unconstitutional denial of medical care that rises to the level of an Eighth Amendment violation, a plaintiff (prisoner) must prove, beyond mere conclusory allegations, that the defendant acted with "deliberate indifference to [his] serious medical needs." *Estelle*, 429 U.S. at 104. More specifically, the prisoner must demonstrate both that the alleged deprivation is, in objective terms, "sufficiently serious," and that, subjectively, the defendant is acting with a "sufficiently culpable state of mind." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995). Both the objective and subjective components must be satisfied in order for a plaintiff to prevail on his claim. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Moreover, as with any claim pursuant to 42 U.S.C. § 1983, the plaintiff alleging deliberate indifference to a serious medical need "must establish each

defendant's personal involvement in the alleged constitutional deprivation in order to hold that defendant liable." *Wright v. Conway*, 584 F. Supp.2d 604, 607-08 (W.D.N.Y. 2008). As plaintiff's deposition testimony directly contradicts his allegation of defendant Whedon's personal involvement in the alleged denial of adequate medical care following the alleged assault by corrections officers contained in his complaint, and establishes defendant Whedon's lack of personal involvement in the alleged denial of adequate medical care following the alleged assault, defendant Whedon's motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, defendant Whedon's motion for summary judgment (Dkt. #70), is granted. The Clerk of the Court shall enter judgment in favor of defendant Whedon.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**May 29, 2009**

                                                    s/ H. Kenneth Schroeder, Jr.
                                                    **H. KENNETH SCHROEDER, JR.**
                                                    **United States Magistrate Judge**