UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ONIEL BROWN, 96-A-2837,

                Plaintiff,

        -v-                                                 04-CV-0728Sr

S. KERBEIN, Sergeant, et al.,

                Defendants.

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #18.

Currently before the Court is defendant J. Rogers' motion to dismiss this action, commenced pursuant to 42 U.S.C. § 1983, for lack of personal involvement. Dkt. #11. For the following reasons, defendant's motion to dismiss is granted.

## BACKGROUND

Plaintiff Brown, an inmate at Southport Correctional Facility ("Southport"), commenced this action *pro se* seeking monetary damages pursuant to 42 U.S.C. § 1983, alleging that he was assaulted by corrections officers on November 26, 2001 during a transport between the Chemung County Courthouse and Southport. Dkt. #1. Defendant Rogers, along with defendant Rupp and Lanasa, is identified by plaintiff as one of the corrections officers who transported him to the courthouse. Dkt. #1, ¶ 6.

Plaintiff alleges that while at the courthouse, defendants Carr and Rupp entered his holding pen and defendant Rupp charged plaintiff into the wall and poked his fingers into plaintiff's eyes. Dkt. #1, ¶¶ 8-9. Plaintiff further alleges that defendant Rupp twisted plaintiff's right hand while moving him to another room to await transport back to Southport. Dkt. #1, ¶¶ 11-12. When he reached that room, plaintiff alleges that defendants Carr and Rupp flung him to the floor. Dkt. #1, ¶ 13.

Plaintiff then alleges that defendants Kerbein, Hable, Harris and Murphy arrived to transport plaintiff back to Southport. Dkt. #1, ¶ 14. Plaintiff alleges that defendants Hable and Harris dragged and threw him as he was being escorted out of the courthouse and into the transport vehicle, and that defendants Hable and Harris, upon instruction from defendant Kerbein, continued to assault plaintiff inside the vehicle. Dkt. #1, ¶¶ 17-22. Plaintiff also alleges that defendants Hable and Harris lifted plaintiff by his arms, which were handcuffed behind his back, as they escorted him to his cell in Southport, and then rammed his head into the cell. Dkt. #1, ¶¶ 26-29.

Plaintiff asserts that defendant Rogers should be "held liable because [he] failed to intervene when the other defendants [were] maliciously assaulting plaintiff." Dkt. #1, ¶ 34.

## DISCUSSION AND ANALYSIS

Dismissal Standard

When ruling on a motion to dismiss, the court accepts the material facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff and against the defendants. *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d

Cir. 1998); *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992). However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620 (2d Cir. 1972), *cert. denied,* 410 U.S. 944 (1973). The court is required to read the complaint broadly and with great latitude on a motion to dismiss. *Yoder v. Orthomolecular Nutr. Inst.*, 751 F.2d 555, 558 (2d Cir.1985). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

The United States Supreme Court recently revisited the standard of review on a motion to dismiss and concluded that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555(2007) (internal citations omitted). In setting forth this standard, the Supreme Court disavowed an often quoted statement from its decision in *Conley v. Gibson* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 561, *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Supreme Court explained that

> This "no set of facts" language can be read in isolation as saying that any statement revealing the theory of the claim

> will suffice unless its factual impossibility may be shown from the face of the pleadings; and the Court of Appeals [for the Second Circuit] appears to have read *Conley* in some such way when formulating its understanding of the proper pleading standard ...

*Id.* The Supreme Court decried that

> On such a focused and literal reading of *Conley's* "no set of facts," a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery. So here, the Court of Appeals specifically found the prospect of unearthing direct evidence of conspiracy sufficient to preclude dismissal, even though the complaint does not set forth a single fact in a context that suggests an agreement. It seems fair to say that this approach to pleading would dispense with any showing of a "'reasonably founded hope'" that a plaintiff would be able to make a case ...

*Id.* at 561-62 (internal citations omitted). The Supreme Court then limited *Conley* to describing "the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* at 563. The Supreme Court reiterated that it did "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on it face." *Id.* at 570; *see Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (May 18, 2009).

Personal Involvement

It is well settled that the personal involvement of defendants in the alleged constitutional deprivation is a prerequisite to an award of damages under § 1983 and that the doctrine of *resondeat superior* is insufficient. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)*; Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Al-Jundi*, 885 F.2d at 1065. Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) was informed of

the violation and failed to remedy the wrong; (3) created, or permitted continuation of, a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating unconstitutional acts were occurring. *Colon*, 58 F.3d at 873, *citing Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

Defendant Rogers argues that plaintiff's complaint fails to allege his presence during the alleged use of force. Dkt. #12, p.3. Plaintiff responds that defendant Rogers "failed to intervene when [defendant] Rupp maliciously assaulted plaintiff." Dkt. #20.

Plaintiff's complaint fails to set forth any facts to suggest that defendant Rogers was present at any time following plaintiff's transport to the courthouse. This omission is particularly striking given plaintiff's specific statements with respect to the presence of other defendants. For example, plaintiff's complaint clearly indicates that defendant Carr was present when defendant Rupp assaulted him in two different waiting rooms. Dkt. #1, ¶¶ 8-13. Thereafter, plaintiff specifically states that defendants Kerbein, Hable, Harris and Murphy arrived to transport plaintiff back to Southport and that defendants Hable and Harris assaulted him upon defendant Kerbein's instruction. Dkt. #1, ¶¶ 14-29. As there is no allegation to suggest that defendant Rogers was present following plaintiff's transport to the courthouse, there is no basis to infer defendant Rogers' personal involvement in the allegations of abuse which occurred at the courthouse and during his transport back to Southport.

## CONCLUSION

For the foregoing reasons, defendant Rogers' motion (Dkt. #11), to dismiss for lack of personal involvement is **GRANTED**.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**June 1, 2009**

                                              **s/ H. Kenneth Schroeder, Jr.**
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**