**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ONIEL BROWN, 96-A-2837,**

                **Plaintiff,**

       **-v-**                                                                    **04-CV-0728Sr**

**S. KERBEIN, Sergeant, et al.,**

                **Defendants.**

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #18.

Currently before the Court is plaintiff's motion for appointment of counsel to assist him at trial, currently scheduled to commence on July 13, 2010. Dkt. #76.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

        1.     Whether the indigent's claims seem likely to be of substance;

        2.     Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff, an inmate at Southport Correctional Facility ("Southport"), commenced this action *pro se* seeking monetary damages pursuant to 42 U.S.C. § 1983, alleging that he was assaulted by corrections officers on November 26, 2001

during a transport between the Chemung County Courthouse and Southport.  Dkt. #1.  Plaintiff has demonstrated an ability to articulate his allegations of fact and law to the Court and there is no reason to believe plaintiff will be any less capable of presenting his factual allegations to a jury.

Plaintiff's motion for appointment of counsel is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**March 30, 2010**

     s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**